**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HERC RENTALS, INC.,

    Plaintiff,

v.                                              No: 6:22cv675

ULTIMATE CONCRETE, LLC,
JESSE GUZMAN, Individually, and
THE TRAVELERS COMPANIES, INC.

    Defendants.

## NOTICE OF REMOVAL

Defendant Travelers Property Casualty Company of America ("Travelers"), improperly named in the Complaint as "The Travelers Companies, Inc.," hereby gives notice of removal, pursuant to 28 U.S.C. §§ 1441 and 1446 of the above-captioned action, formerly pending in the First Judicial District Court, County of Santa Fe, State of New Mexico as No. D-101-CV-2022-01470. Travelers files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court. Travelers bases this removal on the following grounds:

**I.  THE COMPLAINT AND STATUS OF PROCEEDINGS IN STATE COURT**

On August 15, 2022, Plaintiff Herc Rentals, Inc. filed a civil complaint against Ultimate Concrete, LLC, Jesse Guzman, and Travelers in First Judicial District Court, County of Santa Fe, State of New Mexico as No. D-101-CV-2022-01470.

Plaintiff served the Superintendent of Insurance, and service was accepted on Travelers' behalf by its agent for service of process on August 23, 2022. Pursuant to 28 U.S.C. § 1446(a), Travelers has attached hereto as Exhibit A true and correct copies of all the state court processes, pleadings and other papers served on it in this action. Upon investigation, Plaintiff has not yet served Ultimate Concrete, LLC or Jesse Guzman in this matter. *Id.*

1

Accordingly, this Notice of Removal is timely under 28 U.S. C. § 1446(b), because it is filed within thirty (30) days of the date of service, and consent of any other defendant is not required.  *See* 28 U.S.C. § 1446(b)(2)(A) (requiring consent only of "defendants who have been properly joined **and served"**) (emphasis added).

Travelers files this Notice of Removal with this Court, and is filing a copy of the Notice of Removal in the First Judicial District Court for the State of New Mexico and serving a copy upon counsel for Plaintiff, pursuant to 28 U.S.C. § 1446(d).

## II.    BASIS FOR JURISDICTION UNDER 28 U.S.C. §§ 1332(A) AND 1441

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.  There is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  This action, therefore, may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a).

### A.  The Citizenship of the Parties is Completely Diverse.

According to the allegations of the Complaint, Plaintiff is a corporation organized under the laws of the State of Delaware.  Complaint, ¶ 1.

Travelers is a foreign corporation with its principal place of business in Connecticut. Complaint, ¶ 2.  Travelers is thus a non-resident defendant and a citizen of Connecticut for diversity purposes.  *See* 28 U.S.C. § 1332(c)(1).

Defendant Ultimate Concrete, LLC is a limited liability company.  Complaint, ¶ 4. Travelers conducted an investigation into the membership of Ultimate Concrete, LLC, which reveals that none of the members of Ultimate Concrete, LLC are citizens of Delaware, as they reside in Texas and/or Michigan.  Accordingly, Ultimate Concrete, LLC is not considered a citizen of the State of Delaware for diversity purposes.  *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (citizenship of unincorporated associations is determined by the citizenship of the members of the unincorporated association); *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004);

*Handelsman v. Bedford Village Associates Ltd.,* 213 F.3d 48, 51-52 (2d Cir. 2000); *Hale v. MasterSoft Intern. Pty. Ltd.*, 93 F.Supp.2d 1108, 1112 (D. Colo. 2000); *Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521-23 (10th Cir. 1991) (plaintiff, a limited partnership, failed to plead sufficient facts to establish diversity jurisdiction where it failed to plead citizenship of each of its partners).

Defendant Jesse Guzman is alleged to be a citizen of the State of Texas. Complaint, ¶ 7.

The controversy between Plaintiff and Defendants is therefore between citizens of different states and the diversity requirements of 28 U.S.C. § 1332(a) are met.

### B.  The Amount in Controversy Exceeds $75,000

Additionally, the amount in controversy exceeds the sum or value of $75,000 required to confer jurisdiction on this Court pursuant to 28 U.S.C. § 1332(a). In the Complaint, Plaintiff alleges that Defendant Ultimate owes $243,081.62 to Plaintiff. *Id.* ¶ 35. Plaintiff also claims entitlement to attorney's fees and late payment fees. *Id.* ¶¶ 39, 43. Further, Plaintiff claims that Ultimate Concrete damaged several pieces of Herc's equipment. *Id.* ¶ 47. Plaintiff claims the total amount of damage caused by Ultimate Concrete's use of the equipment is $296,974.32. *Id.* ¶ 50. Plaintiff claims the damages owed to Plaintiff from all Defendants total $540,055.94, in addition to claimed entitlement to attorney's fees and costs. *Id.* ¶¶ 59-60. Plaintiff further alleges willful, wanton, and reckless conduct for which Plaintiff claims entitlement to punitive damages. *Id.* ¶ 94. Plaintiffs claim that Defendants are liable for breach of contract (Count I), breach of the covenant of good faith and fair dealing (Count II), debt and money due on open account (Count III), conversion (Count IV), and unjust enrichment (Count V).

In this Circuit, a removing defendant must prove by a preponderance of the evidence the facts establishing that the amount in controversy exceeds $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008). Once a defendant has shown the facts establishing the amount in controversy, a case may be remanded "only if it is 'legally certain' that the recovery (from the plaintiff's perspective) . . . will be less than the jurisdictional floor." *Id.* at 955 (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)). Without in any

3

manner passing on the merits of the Plaintiff's claims, and only taking into account the kinds of compensatory damages Plaintiff seeks, the Court can reasonably conclude that the Plaintiffs' verdict could exceed $75,000.00 based upon Plaintiff's claimed entitlement to $540,055.94, in addition to punitive damages and attorney's fees. Plaintiff's claimed compensatory damages alone satisfy the amount in controversy requirement, but Plaintiff also claims entitlement to punitive damages and attorney's fees, which further satisfy the requirement. *See, e.g., Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994).

The availability of attorneys' fees may also be considered in determining whether the amount in controversy is met. *Jamison v. State Farm Gen'l Ins. Co.*, No. CIV 98-1004 BB/RLP mem. op. (D.N.M. Dec. 7, 1998) (denying remand of removed action because, in part, "Attorneys' fees must be included when determining whether the amount in controversy exceeds the minimum jurisdictional amount for the invocation of federal jurisdiction," *citing In re Abbott Lab.*, 51 F.3d 524 (5th Cir. 1995)); *see also, Miera v. Dairyland Insurance Co.*, No. 96-0136-M, Mem. Op. (D.N.M. Feb. 28, 1996) (denying remand of removed action based on availability of attorneys' fees); *Travelers Indemnity Co. v. Sotheby's Holding, Inc.*, Civ. No. 02-691 LFG/DJS Memorandum Opinion and Order Denying Plaintiffs' Motion for Remand, at 3 (D.N.M. Oct. 25, 2002) (finding jurisdictional amount established by claim for treble damages and attorneys' fees under Unfair Trade Practices Act).

WHEREFORE, Defendant Travelers respectfully requests that this Court assume full jurisdiction over the action as provided by law.

                                MODRALL, SPERLING, ROEHL, HARRIS
                                               & SISK, P.A.

By: */s/ Jennifer A. Noya*
    Jennifer A. Noya
    Sonya R. Burke
    500 Fourth Street NW, Suite 1000
    Post Office Box 2168
    Albuquerque, New Mexico 87103-2168
    Telephone: 505.848.1800
    Facsimile: 505.848.1899

*Attorneys for Travelers*

WE HEREBY CERTIFY that on this 13th day of September 2022, we filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

    Brett J. Danoff
    Ryan P. Danoff
    DANOFF LAW FIRM
    1225 Rio Grande Blvd. NW
    Albuquerque, NM 87104
    *Attorneys for Plaintiff*

MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.

By:*/s/ Jennifer A. Noya*
    Jennifer A. Noya

*W4504377.DOCX*